William W. Northgrave, Esq. (WN0548)
McMANIMON, SCOTLAND & BAUMANN, LLC
ATTORNEYS AT LAW
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
Telephone: (973) 622-1800
Attorneys for Defendant,
Jersey City Redevelopment Agency

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONE JOURNAL SQUARE PARTNERS URBAN RENEWAL COMPANY LLC, ONE JOURNAL SQUARE TOWER NORTH URBAN RENEWAL COMPANY LLC, and ONE JOURNAL SQUARE TOWER SOUTH URBAN RENEWAL COMPANY LLC, <br><br> Plaintiffs, <br><br>  v. <br><br> JERSEY CITY REDEVELOPMENT AGENCY, CITY OF JERSEY CITY, and STEVEN FULOP, <br><br> Defendants. | CASE NO.  2:18-cv-11148 <br><br><br> <u>Civil Action</u> <br><br> **DOCUMENT FILED ELECTRONICALLY** <br><br> **Motion Day (L.Civ.R. 7.1):** <br><br> **<u>October 1, 2018</u>** |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERSEY CITY
REDEVELOPMENT AGENCY'S MOTION TO DISMISS
COUNTS FIVE THROUGH NINE OF PLAINTIFFS' COMPLAINT**

---

<u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES.........................................ii

INTRODUCTION.................................................1

PROCEDURAL HISTORY ..........................................3

LEGAL ARGUMENT...............................................4

    I.

    COUNTS FIVE THROUGH NINE OF PLAINTIFFS' COMPLAINT MUST BE
    DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
    12(b)(1) DUE TO LACK OF STANDING .........................4

    A. Standard of Review Under <u>Rule</u> 12(b)(1)..................4

    B. Plaintiffs' Substantive Due Process Claim (Count Five),
       Equal Protection Claim (Count Six) and Procedural Due
       Process Claim (Count Nine) Should be Dismissed as
       Plaintiffs Lack Standing.................................5

    C. Plaintiff's First Amendment Claims (Counts Seven and Eight)
       Should be Dismissed as Plaintiffs Lack Standing........7

    II.

    COUNTS FIVE THROUGH NINE OF PLAINTIFFS' COMPLAINT MUST BE
    DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
    12(b)(6) FOR FAILURE TO STATE A CLAIM ....................9

    A. Standard of Review Under <u>Rule</u> 12(b)(6)..................9

    B. Even If Plaintiffs Had Standing to Bring These Claims,
       Their Substantive Due Process Claim (Count Five) and
       Procedural Due Process Claim (Count Nine) Should be
       Dismissed for Failure to State a Claim.................11

        i.   Alleged Violation of Plaintiffs' Right to
            Substantive Due Process - 42 U.S.C. §1983 ......11

        ii.   Alleged Violation of Plaintiffs' Right to
            Procedural Due Process - 42 U.S.C. §1983 .......13

    C. Even If Plaintiffs Had Standing to Bring These Claims,
       Their Equal Protection Claim (Count Six) Should be
       Dismissed For Failure to State a Claim.................14

    D. **Even If Plaintiffs Had Standing to Bring These Claims, The First Amendment Claims in Count Seven and Count Eight Should Be Dismissed**.............................. **15**

**CONCLUSION**................................................ **17**

# TABLE OF AUTHORITIES

**Cases**

Addiction Specialists Inc. v. Twp. of Hampton, 411 F.3d 399, 405
  (3d Cir. 2005) ................................................ 9

Amato v. Wilentz, 952 F.2d 742, 749 (3d Cir. 1991)... 10, 12, 13,

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).............. 13, 14

Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007)........... 8

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)......... 13

Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569
  (1972) ..................................................... 16

Caplin & Drysdale v. United States, 491 U.S. 617, 623 n. 3,
  (1989) ..................................................... 11

Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1148 (2013). 9, 10

CNA v. U.S., 535 F.3d 132, 140, 145 (3d Cir. 2008)............. 9

Edwards v. A.H. Cornell & Sons, Inc. 610 F.3d 217, 219-220 (3d
  Cir. 2010) ................................................. 14

Fowler v. UPMC Shadyside, 578 F. 3d 203, 211 (3d Cir. 2009)... 14

Gomez v. Toledo, 446 U.S. 635, 640 (1980)................. 15, 17

Hill v. Borough of Kutztown, 455 F.3d 225, 241
  (3d. Cir. 2006) ................................... 15, 17, 19

Lujan v. Defenders of Wildlife,
  504 U.S. 555, 560 n.1 (1992) ........................... 8, 10

Marion v. TDI, Inc., 591 F.3d 137, 149 (3d Cir. 2010), cert.
  denied, 562 U.S. 1218 (2011) ............................... 10

Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).................... 18

Phillips v. County of Allegheny, 515 F.3d 224, 234-235 (3d Cir.
  2008) ...................................................... 14

Presbytery of New Jersey of the Orthodox Presbyterian Church v.
  Florio, 902 F. Supp. 492, 510 (D. N.J., 1995) .............. 10

Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir. 2011), cert.
  denied, 132 S. Ct. 2395 (2012) ............................. 9

Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 363, cert.
  denied, 519 U.S. 911 (1996) ........................... 15, 17

Secretary of State of Md. V. Joseph H. Munson Co., Inc., 467
  U.S. 947, 977 (1984) .................................. 12, 13

Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009) ................................................. 8

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 484-485 (3d Cir. 1998) ............................ 8

**Rules**

Fed. R. Civ. P. 12(b)(1)................................... 8, 9

Fed. R. Civ. P. 12(b)(6)................................... 13

Rule 12(b)(1)............................................... 9

**INTRODUCTION**

Defendant Jersey City Redevelopment Agency ("JCRA") submits this memorandum of law in support of its motion to dismiss Counts Five through Nine of Plaintiffs One Journal Square Partners Urban Renewal Company LLC, One Journal Square Tower North Urban Renewal Company LLC and One Journal Square Tower South Urban Renewal Company LLC's (collectively, "Plaintiffs") Complaint, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs, three limited purpose entities created with respect to a proposed mixed use development project at One Journal Square, Jersey City, New Jersey (the "Project"), simply do not have standing to assert claims under 42 U.S.C. §1983 that allegedly arise in relation to the personal political beliefs and activities of the former Chief Executive Officer ("CEO") of a related corporate entity, the Kushner Companies LLC (the "Kushner Cos.").

Jared Kushner ("Kushner") resigned his position as CEO of the Kushner Cos. in January 2017 to accept a senior advisor position to President Donald J. Trump, and upon information and belief, at that same time, divested himself from the Plaintiffs. Through their Complaint, Plaintiffs twist factual reality and legal theory to suggest that, as a result of this single, personal demonstration of political belief and activity by Kushner, JCRA, along with its co-Defendants, chose, over fifteen

(15) months later, to exact retaliation against three corporate entities with which Kushner no longer had any affiliation.  It is indisputable that Plaintiffs have not alleged a single other demonstration of political belief or activity, and, most importantly, no demonstration of political belief or activity conducted by the Plaintiffs or any individual employed by or associated with the Plaintiffs.  Plaintiffs' §1983 claims solely rely on the allegation that JCRA violated the constitutional rights of Kushner, and, despite the fact that Kushner had long since ceased his association with them, the Plaintiffs contend that they can somehow be damaged by the alleged violation of his personal, constitutional rights.  Even viewed in a light most favorable to Plaintiffs, those entities have no standing to assert §1983 claims arising from the demonstration of political beliefs or activity by an individual with whom they have been long since disassociated.

It is respectfully requested that all federal claims in the aforementioned Complaint be dismissed pursuant to Rule 12(b)(1) and and12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs lack the standing necessary to proceed.

In addition to the arguments set forth herein, JCRA relies upon, and incorporates herein to the extent relevant, the arguments set forth by defendants the City of Jersey City (the

"City") and Mayor Steven Fulop (the "Mayor"), in support of their separate motions to dismiss.

## **PROCEDURAL HISTORY**

On June 27, 2018, Plaintiffs commenced this litigation asserting federal question jurisdiction action against Defendants JCRA, the City and the Mayor, in both his individual and official capacity, alleging the following causes of action:

- Count One - Breach of Contract;
- Count Two - Breach of Cooperation Covenant;
- Count Three - Breach of Covenant of Good Faith and Fair Dealing;
- Count Four - Promissory Estoppel;
- Count Five - Violation of Plaintiffs' Right to Substantive Due Process - 42 U.S.C. §1983;
- Count Six - Violation of Plaintiffs' Right to Equal Protection - 42 U.S.C. §1983;
- Count Seven - Violation of Plaintiffs' Right to Freedom of Speech - 42 U.S.C. §1983;
- Count Eight - Violation of Plaintiffs' Right to Freedom of Association - 42 U.S.C. §1983; and
- Count Nine - Violation of Plaintiffs' Right to Procedural Due Process - 42 U.S.C. §1983

JCRA filed a clerk's extension on July 20, 2018, which extended the deadline for responding to Plaintiffs' Complaint from July 23, 2018 to August 6, 2018. The Honorable James Clark, U.S.M.J. thereafter granted an extension from August 6, 2018 to September 5, 2018.

**LEGAL ARGUMENT**

I.   **COUNTS FIVE THROUGH NINE OF PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) DUE TO LACK OF STANDING.**

A. Standard of Review Under Rule 12(b)(1).

Because standing is a jurisdictional matter, a party may bring a motion to dismiss for lack of standing under Fed. R. Civ. P. 12(b)(1). Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007). The requirements for standing under Article III of the United States Constitution are as follows: (1) plaintiff suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; the injury cannot be the result of the independent action of a third party; and (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. See, Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 484-485 (3d Cir. 1998). Courts have recognized that of the three required elements of constitutional standing, "the injury-in-fact element is often determinative." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009). To satisfy this requirement, the alleged injury must be "particularized," in that it "must affect the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992).

4

One limitation on standing is that "'a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Addiction Specialists Inc. v. Twp. of Hampton, 411 F.3d 399, 405 (3d Cir. 2005)(citation omitted). "[A] district court acting under Rule 12(b)(1) may independently evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming that the plaintiff's allegations are true." CNA v. U.S., 535 F.3d 132, 140, 145 (3d Cir. 2008) ("The District Court was permitted to make factual findings, beyond the pleadings, that were decisive to determining jurisdiction."). Plaintiffs' claims in Counts Five through Nine should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing as their claims are based solely upon the legal rights of Kushner, the former CEO of the Kushner Cos.

> **B. Plaintiffs' Substantive Due Process Claim (Count Five), Equal Protection Claim (Count Six) and Procedural Due Process Claim (Count Nine) Should Be Dismissed as Plaintiffs Lack Standing.**

Standing to sue is a prerequisite to Article III jurisdiction and must be established by the plaintiff "at the pleading stage." Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir. 2011), cert. denied, 132 S. Ct. 2395 (2012); see also, Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1148 (2013) ("The party invoking federal jurisdiction bears the burden of

establishing standing.") (citation omitted). "[T]he standing inquiry" is "something separate from" the merits of Plaintiffs' claims. Marion v. TDI, Inc., 591 F.3d 137, 149 (3d Cir. 2010), cert. denied, 562 U.S. 1218 (2011). "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Clapper, 133 S. Ct. at 1147 (citation omitted). "[T]he injury-in-fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." Lujan, 504 U.S. at 563 (citation omitted).

Plaintiffs make no allegation that they have engaged in any political activity, or that any employee or representative of the Plaintiff entities has engaged in such constitutionally protected activity. Instead, Plaintiffs' §1983 claims rely on the allegation that the JCRA violated the constitutional rights of Kushner, who is not a party to this action, and not their own constitutional rights. Courts have also "identified three factors to be considered in determining whether a litigant has third party standing to assert the rights of others not before the Court." Presbytery of New Jersey of the Orthodox Presbyterian Church v. Florio, 902 F. Supp. 492, 510 (D. N.J., 1995), citing Amato v. Wilentz, 952 F.2d 742, 749 (3d Cir. 1991). The following factors should be balanced: (1) "the

relationship between the plaintiff and the third party whose rights are asserted," (2) "the ability of the third party to advance his own rights — whether some obstacle impedes the rightholder's own suit," and (3) "the impact on third party interests — whether plaintiff and the third party have consistent interests." Id. at 749, 750, citing Caplin & Drysdale v. United States, 491 U.S. 617, 623 n. 3, (1989).

In the present matter, Kushner's decision to resign as CEO of the Kushner Cos. and divest himself from the Plaintiffs preceded the JCRA's Default Notice by over fifteen (15) months. As such, Kushner has neither a legal relationship with Plaintiffs nor a consistent interest with them, and his personal political activities bear no relation to the organizational purpose of the Plaintiff entities seeking relief through this action.  Further, nothing is impeding Kushner's ability to seek redress of the alleged violations.  The allegations of Counts Five through Nine of the Complaint involve the rights of one individual, Kushner, and, as such, he is the only party with standing to seek relief on these claims.

### C. Plaintiffs' First Amendment Claims (Counts Seven and Eight) Should Be Dismissed as Plaintiffs Lack Standing.

While the three-prong test set forth above is applicable to Counts Seven and Eight, in the First Amendment context, the Supreme Court has held that the "fear of chilling expression ...

may at times outweigh the policies behind the general rule against third party standing." Amato, 952 F.2d at 748, citing Secretary of State of Md. V. Joseph H. Munson Co., Inc., 467 U.S. 947, 977 (1984). In Munson, plaintiff was a professional fundraiser asserting that restrictions on political donations from charities violated the First Amendment. The State of Maryland argued against allowing Munson to challenge the statute, as there was no showing that a charity could not bring its own lawsuit. "[W]here the claim is that a statute is overly broad in violation of the First Amendment, the Court has allowed a party to assert the rights of another without regard to the ability of the other to assert his own claims. . ." Id. at 957.

Despite the lessened standard for third party standing in First Amendment claims, Plaintiffs still fail to satisfy the requirements for standing in this matter. Again, Kushner's political activities are unrelated to the business purpose of the Plaintiff entities. Additionally, with respect to the standard set forth above by the Court in Munson, there is no issue that could create a chilling effect on political speech. Neither the JCRA nor the Mayor created a policy that, for example, denies tax abatement applications by members of certain political parties. As such, there is no overly broad policy or regulation that would confer standing on the Plaintiffs. While absence of an obstacle in not dispositive in First Amendment

cases (see, Munson at 957), Plaintiffs do not seek to vindicate the rights of a class of individuals, or all supporters of a specific political ideology.   They are simply asserting the rights of one third party, who faces "no affirmative obstacle to suing." Amato at 754.  While Kushner may have limited practical incentive to sue at this time, that lack of incentive does not allow Plaintiffs to assert these claims on his behalf.  See, Amato at 751.

**II.  COUNTS FIVE THROUGH NINE OF PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM.**

**A. Standard of Review Under Rule 12(b)(6)**

Defendant JCRA also moves to dismiss Counts Five through Nine of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to plausibly state a claim on which relief can be granted. A complaint will not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although this is "not akin to a 'probability requirement,'" it does "ask[] for more than a sheer

possibility that a defendant has acted unlawfully." Id. Thus, a complaint consisting of "naked assertions devoid of further factual enhancement . . . stops short of the line between possibility and plausibility of entitlement to relief" and must be dismissed. Id.

Applying the principles of Iqbal, the Third Circuit articulated a two part analysis that the District Court should conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. See, Fowler v. UPMC Shadyside, 578 F. 3d 203, 211 (3d Cir. 2009). See also Edwards v. A.H. Cornell & Sons, Inc. 610 F.3d 217, 219-220 (3d Cir. 2010). First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-211. Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-235 (3d Cir. 2008).

Regarding each of the claims under 42 U.S.C. §1983, Plaintiffs must allege (1) that some "person" has deprived him of a federal right; and (2) the "person" was acting under color

10

of state or territorial law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). Upon identifying the person acting under color of law that caused an alleged deprivation of rights, Plaintiffs must next identify the "right, privilege or immunity secured to the claimant by the Constitution or other federal laws." <u>Rivkin v. Dover Twp. Rent Leveling Bd.</u>, 143 N.J. 352, 363, <u>cert. denied</u>, 519 U.S. 911 (1996). "This second step is necessary because § 1983 'is not itself a source of substantive rights,' but merely provides 'a method [for] vindicating federal rights elsewhere conferred.'" Id. (internal citation omitted). "[T]o sustain a claim of civil rights violations in a land use context, a substantive due process claimant must provide evidence of governmental action that 'shocks the conscience.'" <u>Rocky Top, LLC</u>, 2012 WL 2920371 at 27

> **B. Even If Plaintiffs Had Standing to Bring These Claims, Their Substantive Due Process Claim (Count Five) and Procedural Due Process Claim (Count Nine) Should Be Dismissed for Failure to State a Claim.**
>
> > **i. Alleged Violation of Plaintiffs' Right to Substantive Due Process - 42 U.S.C. §1983.**

To prevail on a substantive due process claim challenging a state actor's conduct, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies. <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 234-235 (3d. Cir. 2006).

Plaintiffs claim to have a protected constitutional interest in and to the contractual rights set forth in a Redevelopment Agreement, as well as the underlying property on which the Project is to be developed.  It is alleged that the Mayor, a member of the Democratic Party, encouraged his appointees to the JCRA to issue the Notice of Default as "a pretext for his motive of political animus against the sitting President of the United States, Donald J. Trump, a Republican, and those closely associated with him, including Senior Advisor to the President, Jared Kushner."  Complaint, ¶135.

To assert a procedural and substantive due process claim a plaintiff must first establish that he has been deprived of a life, liberty, or property interest sufficient to trigger the protection of the Due Process Clause. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972).  After identifying such right, the court will then consider whether the deprivation of that interest contravened the notions of due process. Id. at 570-71. Here, Plaintiffs allege that they have been deprived of certain property and contractual rights arising from their ownership and planned development of the Project. JCRA, however, has taken no steps to deprive Plaintiffs of any real property interest, and acted in accordance with their own contractual rights under the Redevelopment Agreement for the Property.

Plaintiffs have failed to identify any right that has been deprived through the actions of the JCRA.  See, Rivkin, 143 N.J. at 363.  See also, Gomez, 446 U.S. at 640.  Plaintiffs have no right, contractual or otherwise, in the grant of any property tax abatement or agreement for payment in lieu of taxes. Plaintiffs do, however, have contractual rights as parties to the Redevelopment Agreement.  The Notice of Default was issued by the JCRA in accordance with the procedures set forth in the Redevelopment Agreement, and does not deprive Plaintiffs of any rights thereunder.  Accordingly, Plaintiffs have failed to identify any protected interest at stake.

### ii. Alleged Violation of Plaintiffs' Right to Procedural Due Process - 42 U.S.C. §1983.

To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide due process of law. Hill v. Borough of Kutztown, 455 F.3d 225, 233-234 (3d. Cir., 2006).

Plaintiffs allege that the Notice of Default was issued with the intention to deprive Plaintiffs of their property rights in the Project.  Again, Plaintiffs have not identified any protected right that they have been deprived of by the

13

JCRA's actions.   They remain owners of the Property, and any dispute arising out of the contractual relationship between Plaintiffs and the JCRA can be resolved in the manner set forth by the Redevelopment Agreement.   The "procedures available" to Plaintiffs include the rights set forth in the Redevelopment Agreement, and access to the Superior Court of New Jersey for relevant actions on claims of breach.

> **C. Even If Plaintiffs Had Standing to Bring These Claims, Their Equal Protection Claim (Count Six) Should Be Dismissed For Failure to State a Claim.**

Unless classification warrants some form of heightened scrutiny because it jeopardizes exercise of fundamental right or categorizes on the basis of inherently suspect characteristic, the equal protection clause requires only that the classification rationally further a legitimate state interest. Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).   The equal protection clause is satisfied so long as there is a "plausible reason for classification," the legislative facts upon which the classification is apparently based may rationally have been considered to be true by governmental decision maker, and the relationship of classification to its goal is not so attenuated as to render the distinction arbitrary or irrational. Id. at 11-12.   Plaintiffs claim that, despite their possession of a protected property right in the Project as the designated redeveloper, the JCRA treated Plaintiffs differently from others

14

similarly situated. Yet Plaintiffs fail to present any example where a similarly situated developer was treated differently. Plaintiffs rely solely on their belief that they were treated differently because of the political actions and beliefs of their former business partner. Plaintiffs have no right under the Redevelopment Agreement to receive any tax abatement, and the JCRA has no power or right under the statutes to grant one. The JCRA has a legitimate interest in promoting sound development within the City, including through the execution and enforcement of redevelopment agreements under state law. The JCRA acted in accordance with its contractual rights in issuing the Notice of Default.

> **D. Even If Plaintiffs Had Standing to Bring These Claims, The First Amendment Claims in Count Seven and Count Eight Should Be Dismissed.**

To state a First Amendment retaliation claim, a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action. <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 241 (3d. Cir. 2006).

Plaintiffs allege that Kushner's decision to resign his position as CEO of the Kushner Cos. to accept a senior advisor position to the President constitutes protected political speech through his "participation in public service for the Trump

Administration." Complaint, ¶151. It is alleged that the issuance of the Notice of Default was an act of retaliation for Plaintiffs' exercise of their First Amendment rights of freedom of speech and freedom of association. These arguments, however, not only fail to demonstrate how or why any actions of the former CEO of a related entity should be construed as the First Amendment rights of freedom of speech and freedom of association of Plaintiffs, they also fail to show any connection between Kushner's activities and issuance of the Notice of Default. Kushner's appointment occurred over fifteen (15) months prior to the Notice of Default and, moreover, upon information and belief, his political activities were widely known as far back as 2015. The Notice of Default was not issued until April 17, 2018, long after Kushner had left his position with Kushner Companies to accept his current position to pursue his political activities. Plaintiffs fail to provide any reasonably supportable allegation that the actions of the JCRA were taken for any reason other than to assert their contractual rights under the Redevelopment Agreement.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss Count Five through Count Nine of Plaintiffs' Complaint, and remove this matter to the Superior Court of New Jersey, Hudson County vicinage.

McMANIMON, SCOTLAND & BAUMANN, LLC
Attorneys for Defendant Jersey
City Redevelopment Agency

By:
/s/ William W. Northgrave /s/
WILLIAM W. NORTHGRAVE
wnorthgrave@msbnj.com
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
Telephone:  (973) 622-1800

Date: September 5, 2018