**William W. Northgrave, Esq. (WN0548)**
**McMANIMON, SCOTLAND & BAUMANN, LLC**
**ATTORNEYS AT LAW**
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
Telephone: (973) 622-1800
Attorneys for Defendant,
Jersey City Redevelopment Agency

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONE JOURNAL SQUARE PARTNERS URBAN RENEWAL COMPANY LLC, ONE JOURNAL SQUARE TOWER NORTH URBAN RENEWAL COMPANY LLC, and ONE JOURNAL SQUARE TOWER SOUTH URBAN RENEWAL COMPANY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JERSEY CITY REDEVELOPMENT AGENCY, CITY OF JERSEY CITY, and STEVEN FULOP,<br><br>Defendants. | CASE NO.  2:18-cv-11148<br><br>Civil Action<br><br>**DOCUMENT FILED ELECTRONICALLY**<br><br>Motion Day (L.Civ.R. 7.1):<br><br>**December 17, 2018** |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT JERSEY CITY REDEVELOPMENT AGENCY'S MOTION TO DISMISS COUNTS FIVE THROUGH ELEVEN OF PLAINTIFFS' AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**.........................................ii

**INTRODUCTION**................................................. 1

**LEGAL ARGUMENT**............................................... 2

   I.

   **COUNTS FIVE THROUGH NINE OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AS PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO ESTABLISH STANDING** ...................................... 2

   II.

   **COUNTS FIVE THROUGH NINE OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFFS HAVE FAILED TO SET FORTH A CLAIM FOR RELIEF** ................................................... 5

   **A. Plaintiffs Fail to Allege a Violation of Plaintiffs' Procedural or Substantive Due Process Rights**........... 6

   **B. Plaintiffs Fail to Allege a Violation of Plaintiffs' Right to Equal Protection Under the Law**................ 8

   **C. There is no Violation of Plaintiffs' Rights Under the First Amendment**................................... 10

**CONCLUSION**................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009) .......................................... 7
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..................... 6
*Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007)........... 3
*Bell Atl. Corp.v. Twombly*, 550 U.S. 444, 555, 570 (2007)....... 5
*Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014).... 4
*Burwell*, 134 S. Ct. at 2766.................................... 5
*Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 (2013)..... 3
*Daniels v. Williams*, 474 U.S. 327, 331 (1986).................. 7
*Davidson v. O'Lone*, 752 F.2d 817, 829 (3d Cir. 1984)........... 8
*Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 658 (3d Cir. 2011) ......................................................... 6
*Ferguson v. Skrupa*, 372 U.S. 726, 732 (1963)................... 8
*Finkelman v. NFL*, 810 F.3d 187, 193 (3d Cir. 2016)............. 3
*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).... 3
*Marion v. TDI, Inc.*, 591 F.3d 137, 149 (3d Cir. 2010), *cert. denied*, 562 U.S. 1218 (2011) .................................. 3
*Mellon Bank, N.A. v. Aetna Business Credit, Inc.* 619 F.2d 1001, 1009 (3d Cir. 1980) .......................................... 7
*Millennium Towers Urban Renewal Limited Liability Company v. Municipal Council of the City of Jersey City*, 343 *N.J. Super.* 367 (Law Div. 2001). ......................................... 9
*Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)............ 10
*Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 2395 (2012) ................................ 2
*Rogin v. Bensalem Township*, 616 F.2d 680, 687 (3d Cir. 1980)... 9

**Statutes**

*N.J.S.A.* 40A:20-8............................................. 9

**Rules**

Rule 12(b)(1).................................................. 2
Rule 12(b)(6)............................................... 2, 5

**INTRODUCTION**

Defendant Jersey City Redevelopment Agency ("JCRA") submits this memorandum of law in reply to Plaintiffs' opposition to JCRA's motion to dismiss Counts Five through Eleven of Plaintiffs One Journal Square Partners Urban Renewal Company LLC, One Journal Square Tower North Urban Renewal Company LLC and One Journal Square Tower South Urban Renewal Company LLC's (collectively, "Plaintiffs") Amended Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs' opposition is nothing more than a recitation of the baseless allegations set forth in the Amended Complaint.  Plaintiffs argue that the JCRA retaliated against them for its ***prior*** association with Jared Kushner ("Kushner"). Plaintiffs fail to even allege, never mind explain, the gap between Kushner's resignation in January 2017 and the notice of default sent by JCRA in April of 2018.  As such, Plaintiffs fail to allege how their supposed "concrete injury" was the result of JCRA's action.

This latest iteration continues Plaintiffs' failure to meet their burden to establish standing.  The simple fact remains indisputable that JCRA and Plaintiffs entered into a contractual relationship, and ample remedies for breach are set forth therein.  Those rights and obligations are governed by state law contract principles, as freely agreed to by the parties at the

1

time they entered into the contract.  JCRA'S status as a public entity does not allow Plaintiffs to elevate an allegation of breach to an "unconstitutional" action.

Accordingly, Counts Five through Eleven in the Amended Complaint must be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs both lack the standing to proceed and have failed to assert a claim for which relief may be granted.  In support of its motion, JCRA additionally relies upon and incorporates herein its initial papers filed in support of dismissal, along with the arguments, to the extent relevant, set forth by defendants the City of Jersey City (the "City") and Mayor Steven Fulop (the "Mayor"), in support of their separate motions to dismiss.

## **LEGAL ARGUMENT**

**I.   COUNTS FIVE THROUGH NINE OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AS PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO ESTABLISH STANDING.**

Under Article III of the United States Constitution, this court's jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. Standing to sue is a prerequisite to Article III jurisdiction and must be established by the plaintiff "at the pleading stage." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 2395 (2012); *see also, Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138,

1148 (2013) ("The party invoking federal jurisdiction bears the burden of establishing standing."). A motion to dismiss that challenges standing to file suit is brought under Rule 12(b)(1) "because standing is a jurisdictional matter." *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007).  A plaintiff must establish three elements to meet the standing requirement:

> First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

"[T]he standing inquiry" is "something separate from" the merits of Plaintiffs' claims. *Marion v. TDI, Inc.*, 591 F.3d 137, 149 (3d Cir. 2010), *cert. denied*, 562 U.S. 1218 (2011). "Plaintiffs do not allege an injury-in-fact when they rely on a chain of contingencies or mere speculation." *Finkelman v. NFL*, 810 F.3d 187, 193 (3d Cir. 2016) (quotation omitted).

In its opposition, Plaintiffs assert that they have established standing because their purported injury results from Defendants' alleged political bias or retaliatory actions, and note that it is Plaintiffs, not Jared Kushner, who are parties to the defaulted Redevelopment Agreement and "rightholders" with respect to the underlying property.  Plaintiffs' Br. 21-22.

3

Plaintiffs also misinterpret applicable law by asserting that "[t]he only claim that even requires reference to Jared Kushner is Plaintiffs' First Amendment claim." Plaintiffs Br. 22. Plaintiffs' Amended Complaint, however, makes explicit reference to President Donald J. Trump, the Republican Party, and Jared Kushner's personal association with both, in support of their Substantive Due Process and Equal Protection claims in Counts Five and Six. Amended Complaint, ¶¶ 153-154, 160-161. Absent these references to Jared Kushner's personal, unrelated political activity, Plaintiffs would lack any plausible factual allegation to support a constitutional claim.

Plaintiffs' reliance on *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014) to assert that corporate standing is permissible where an injury is alleged to have resulted from retaliation for an officer's protected conduct is misplaced. In *Hobby Lobby*, the underlying Complaint, as well the Supreme Court's opinion, made explicit reference to the **company's** demonstrated organizational religious beliefs, which clearly distinguish the case from the present matter. The Court clarified therein: "Hobby Lobby's statement of purpose commits the [corporate ownership] to '[h]onoring the Lord in all [they] do by operating the company in a manner consistent with Biblical principles.' (internal citation omitted). Each family member has signed a pledge to run the businesses in accordance with the

4

family's religious beliefs and to use the family assets to support Christian ministries." *Burwell*, 134 S. Ct. at 2766. Plaintiffs do not even suggest that they have operated their businesses in accordance with any specific ideology, or pledged their support to any ideological cause so as to establish a particular set of corporate beliefs or values. There is also nothing connecting Plaintiffs' alleged injury and the governmental conduct complained of, as is required by the second prong of the Lujan standard. Plaintiffs use the political activities of a ***former member*** in a vain attempt to bootstrap constitutional claims to a contract dispute and give Plaintiffs standing. That attempt fails. Count Five through Count Nine should be dismissed.

**II. COUNTS FIVE THROUGH NINE OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFFS HAVE FAILED TO SET FORTH A CLAIM FOR RELIEF.**

Pursuant to Rule 12(b)(6), a court may dismiss all or part of an action by motion for a "failure to state a claim upon which relief can be granted." *Fed. R. Civ.P*. 12(b)(6). To survive a motion to dismiss, factual allegations are accepted as true, but "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 444, 555, 570 (2007). A plaintiff's legal

5

conclusions and conclusory statements, however, are not entitled to the same assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. A complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action...." *Twombly*, 550 U.S. at 555.

    **A.   Plaintiffs Fail to Allege a Violation of Plaintiffs' Procedural or Substantive Due Process Rights.**

"The core concept of due process is protection against arbitrary government action." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 658 (3d Cir. 2011). Due process under the Fourteenth Amendment has both "substantive and procedural components." *Id*. Procedural due process "governs the manner in which the government may infringe upon an individual's life, liberty, or property." *Id*. at 662. Procedural due process is implicated if a plaintiff has a liberty interest that cannot be infringed upon without procedural protections. *Id.*

Plaintiffs argue that they have a protected property interest through their rights under the Redevelopment Agreement and their ownership of the underlying property, (Plaintiffs' Br., pp. 29-30, 41-43), and that a pre-deprivation process

6

should have been available prior to issuance of the Notice of Default by the JCRA on April 17, 2018. Plaintiffs' Br. pp. 47-48. The relationship between the JCRA and Plaintiffs, however, is governed by the terms of the Redevelopment Agreement, the validity of which has not been challenged. Plaintiffs agreed to be bound by the terms and procedures set forth therein. No authority exists that requires a "pre-deprivation process" before a governmental entity can exercise its contractual rights.

Manifestation of the parties' intent is the language of the contract. *Mellon Bank, N.A. v. Aetna Business Credit, Inc.* 619 F.2d 1001, 1009 (3d Cir. 1980); *see also American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009) (acknowledging "the 'firmly settled' principle that 'the intent of the parties to a written contract is contained in the writing itself.'"). Plaintiffs and JCRA entered into the Redevelopment Agreement that established among other things, events of default and remedies flowing therefrom. JCRA's status as a public entity does not require this court to create any additional procedure outside the language of the contract.

The "[s]ubstantive due process guarantee protects against government power arbitrarily and oppressively exercised." *Evans,* 645 F.3d at 658-659*, quoting Daniels v. Williams*, 474 U.S. 327, 331 (1986). It "limits what government may do regardless of the

7

fairness of procedures that it employs." *Evans*, 645 F.3d at 659. This guarantee is violated by "conduct that shocks the conscience." *Davidson v. O'Lone*, 752 F.2d 817, 829 (3d Cir. 1984).

In the April 17, 2018 Notice of Default, JCRA set forth three (3) specific instances where Plaintiffs defaulted under the Redevelopment Agreement, and cited to the relevant provisions. Amended Complaint, ¶99. JCRA followed the contractual procedure for service of such a notice, and the action was therefore neither arbitrary nor oppressive, and certainly not "shocking." To the extent that Plaintiffs dispute the factual allegations contained in the Notice of Default, such dispute amounts to a contractual dispute under the Redevelopment Agreement, but does not form the basis of a constitutional deprivation claim.

**B. Plaintiffs Fail to Allege a Violation of Plaintiffs' Right to Equal Protection Under the Law.**

Government action related to business or commercial activity is accorded deference where it does not involve a suspect class. *See, Ferguson v. Skrupa*, 372 U.S. 726, 732 (1963). This deference is appropriate "because of the recognition that the process of democratic political decision making often entails the accommodation of competing interests, and thus necessarily produces laws that burden some groups and

8

not others." *Rogin v. Bensalem Township*, 616 F.2d 680, 687 (3d Cir. 1980).

Plaintiffs argue that the failure to grant a property tax abatement constitutes disparate treatment, citing that its predecessor in title to the property received such an abatement almost ten (10) years ago. Plaintiffs' Br. pp. 51-52. In New Jersey, the procedures set forth for the consideration of a property tax exemption are set forth in *N.J.S.A.* 40A:20-8. The procedure involves recommendation of an application for the exemption by the chief executive of a municipality, and approval of that recommendation of that application by the governing body.

The exercise of the power to grant a tax exemption is purely discretionary; there is no **right** to a tax exemption. It is a tool to be used by the municipality to spur development when and where needed, in its discretion. If the voters disagree with the priorities set forth in the granting or withholding of a tax exemption, elected officials can be held accountable at the next election. *Millennium Towers Urban Renewal Limited Liability Company v. Municipal Council of the City of Jersey City*, 343 *N.J. Super.* 367 (Law Div. 2001). If Plaintiffs are of the opinion that Defendants, as local government entities or officials, did not exercise its discretion properly, they had the opportunity to challenge that

9

pursuant to *Rule* 4:69 of the Rules Governing the Courts of the State of New Jersey. There is no constitutional violation implicated by the exercise, or lack thereof, of the Council's legislative function, however.

**C. There is no Violation of Plaintiffs' Rights Under the First Amendment.**

To assert a free speech claim, Plaintiffs must allege: (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *See*, *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

Plaintiffs allege that Jared Kushner's decision to resign his position with the Plaintiff entities to accept a position in the Trump Administration constitutes protected political speech through his "participation in public service for the Trump Administration." Amended Complaint, ¶169; see also, Plaintiffs' Br. pp. 53-54. Plaintiffs also make multiple references to fundraisers held by the Kushner family during the 2016 presidential election cycle. Amended Complaint, ¶61; see also, Plaintiffs' Br. pp. 22, 53. Plaintiffs base their First Amendment claims on the theory that the issuance of the Notice

10

of Default was an act of retaliation for these political activities.

Plaintiffs fail to show any connection between the Kushners' activities in 2016 and 2017 and the issuance of the Notice of Default to Plaintiffs in 2018. Jared Kushner's acceptance of an Administration position occurred over fifteen (15) months prior to the Notice of Default, and he was associated with the Donald J. Trump presidential campaign prior to his appointment. The Kushner family fundraiser was reported in the media on August 24, 2015. *See*, Plaintiffs' Br. p. 53. The Notice of Default was issued on April 17, 2018, long after Jared Kushner had left his position with Kushner Companies, and almost three (3) years after the fundraiser. Plaintiffs fail to offer any facts that JCRA acted for any reason other than to enforce their contractual rights under the Redevelopment Agreement.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss Count Five through Count Eleven of Plaintiffs' Amended Complaint, and remand this matter to the Superior Court of New Jersey, Hudson County vicinage.

McMANIMON, SCOTLAND & BAUMANN, LLC<br>
Attorneys for Defendant Jersey City Redevelopment Agency<br>
By: /s/ William W. Northgrave /s/<br>
WILLIAM W. NORTHGRAVE

Date: December 10, 2018

11