UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONE JOURNAL SQUARE PARTNERS URBAN RENEWAL COMPANY, LLC, ONE JOURNAL SQUARE TOWER NORTH URBAN RENEWAL COMPANY, LLC, and ONE JOURNAL SQUARE TOWER SOUTH URBAN RENEWAL COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JERSEY CITY REDEVELOPMENT AGENCY, CITY OF JERSEY CITY and STEVEN FULOP,<br><br>Defendants. | Civil Action No. 18-11148 |

===================================================================

**DEFENDANT, CITY OF JERSEY CITY'S
REPLY BRIEF TO PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS**

===================================================================

Victor A. Afanador
Jonathan M. Carrillo
Francis A. Kenny
On the Brief

Victor A. Afanador
Of Counsel

**LITE DEPALMA GREENBERG, LLC**
Victor A. Afanador, Esq.
Jonathan M. Carrillo, Esq.
Francis A. Kenny, Esq.
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

LEGAL ARGUMENT

    I.    PLAINTIFFS' SECTION 1983 CLAIMS AGAINST THE CITY OF JERSEY CITY MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ..................... 1

    II.    THE CITY HAS NOT VIOLATED THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION ............................................................ 3

    III.    PLAINTIFFS HAVE FAILED TO ESTABLISH THE ELEMENTS OF A FREE SPEECH RETALIATION CLAIM ............................................................... 5

    IV.    PLAINTIFFS HAVE NOT PLEADED AN ACTIONABLE FREEDOM OF ASSOCIATION CLAIM ............................................................................................ 6

    V.    PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM MUST BE DISMISSED WITH PREJUDICE ............................................................................... 7

    VI.    PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM MUST BE DISMISSED WITH PREJUDICE ............................................................................. 10

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

*Benison v. Ross*,
   765 F.3d 649 (6th Cir. 2014) ..................................................................................................6

*Board of Regents of State Colls. v. Roth*,
   408 U.S. 564 (1972) ..............................................................................................................10

*Bohmier v. Arrell*,
   CV 07-3962, 2018 WL 3818880 (E.D. Pa. Aug. 10, 2018) ....................................................9

*Brace v. Cty. of Luzerne*,
   873 F. Supp. 2d 616 (M.D. Pa. 2012),
   aff'd 535 F. App'x 155 (3d Cir. 2013) ................................................................................ 3-4

*Candeliere v. U.S.A.*,
   816 F. Supp. 94 (D.N.J. 1992) ................................................................................................2

*Collins v. City of Harker Heights*,
   503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) .........................................................8

*Connection Training Servs. v. City of Philadelphia*,
   358 Fed. Appx. 315 (3d Cir. 2009) .........................................................................................9

*Cradle of Liberty Council, Inc. v. City of Phila.*,
   No. 08–2429, 2008 WL 4399025 (E.D.Pa. Sept. 25, 2008) ....................................................4

*Damascus Bakery, Inc. v. Elwell*,
   CIV. 08-1568 WJM, 2010 WL 3359526 (D.N.J. Aug. 25, 2010) ........................................10

*DeBlasio v. Zoning Board of Adjustment*,
   53 F.3d 592 (3rd Cir. 1995) ............................................................................................. 7-8, 9

*Eichenlaub v. Township of Indiana*,
   385 F.3d 274 (3d Cir. 2004) ....................................................................................................9

*Frederico v. Home Depot*,
   507 F. 3d 188 (3d Cir. 2007) ...................................................................................................5

*Highway Materials, Inc. v. Whitemarsh Twp.*,
   386 F. App'x 251 (3d Cir. 2010) .............................................................................................4

*Hill v. Borough of Kutztown*,
   455 F.3d 225 (3d Cr. 2006) .....................................................................................................3

*Matus v. Lorain Cnty. Gen. Health Dist.*,
   2016 U.S. Dist. LEXIS 5401 (N.D. Ohio Jan. 15, 2016) ........................................................6

*Montone v. City of Jersey City*,
   709 F.3d 181 (3d Circ. 2013) ............................................................................................. 6, 7

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir.1997)..................................................................................................5

*Newport v. Fact Concerts*,
    453 U.S. 247 (1981)......................................................................................................1, 2

*Nicholas v. Pa. State Univ.*,
    227 F.3d 133 (3d Cir. 2000)......................................................................................7, 8, 9

*Owen v. City of Independence*,
    445 U.S. 622 (1980)......................................................................................................1, 2

*Potter v. City of Chester*,
    No. 12-2058, 2012 WL 5464970 (E.D. Pa. Nov. 9, 2012) ....................................... 9-10

*Prof'l Dog Breeders Advisory Council, Inc. v. Wolff,*
    752 F.Supp.2d 575 (E.D.Pa.2010) .................................................................................4

*Selig v. N. Whitehall Twp. Zoning Hearing Bd.*,
    653 Fed. Appx. 155 (3d Cir. 2016)................................................................................8

*Spradlin v. Borough of Danville*,
    4:CV 02 2237, 2005 WL 3320788 (M.D. Pa. Dec. 7, 2005),
    aff'd, 188 Fed. Appx. 149 (3d Cir. 2006) ...................................................................10

*Sterling v. Redevelopment Auth. of City of Philadelphia*,
    836 F. Supp. 2d 251 (E.D. Pa. 2011), aff'd, 511 Fed. Appx. 225 (3d Cir. 2013).................10, 11

*Thompson v. N.Am. Stainless, LP*,
    562 U.S. 170 (2011).........................................................................................................6

*Township of Dover v. Board of Adjustment of Township of Dover*,
    158 N.J. Super. 401 (App. Div. 1978) ..........................................................................2

*United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*,
    316 F.3d 392 (3d Cir. 2003)............................................................................................9

*Wroblewski v. City of Washburn*,
    965 F.2d 452 (7th Cir.1992) ...........................................................................................4

Statutes

F.R.C.P 12(b)(6) ........................................................................................................................1

*N.J.S.A.* 40A:20-8 ....................................................................................................................3

**PRELIMINARY STATEMENT**

Defendant, the City of Jersey City ("City"), submits this memorandum of law in reply to Plaintiffs' opposition to the City's motion to dismiss Plaintiffs' Amended Complaint ("Complaint"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Despite Plaintiffs' bluster and hyperbole, they have failed to plead claims that can withstand a F.R.C.P 12(b)(6) motion. Baseless allegations of self-dealing and corruption, which can be found nowhere in the Complaint, should be ignored at this stage. Mayor Fulop is charged with the duty to speak on behalf of his constituents and doing so does not give rise to any constitutional or contractual claims. Despite Plaintiffs' opposition brief, all of Plaintiffs' constitutional and contractual claims are meritless for the reasons set forth in the City's original moving papers and herein. Therefore, Plaintiffs' Amended Complaint must be dismissed pursuant to F.R.C.P 12(b)(1) and 12(b)(6).[1]

**LEGAL ARGUMENT**

**I.    PLAINTIFFS' SECTION 1983 CLAIMS AGAINST THE CITY OF JERSEY CITY MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Plaintiffs' Section 1983 claims must be dismissed for failure to state a claim. Plaintiffs allege that Defendants' official action of cancelling the Redevelopment Agreement through the "instrumentality they control, the JCRA," represents acts of the municipality itself. (Am. Compl. ¶¶ 98-118; Op. Br. 26). In support of this proposition, Plaintiffs rely on two easily distinguishable cases: *Newport v. Fact Concerts*, 453 U.S. 247, 251 (1981) and *Owen v. City of Independence*, 445 U.S. 622 (1980). In *Newport*, the Court determined that *Monell* liability attached to the City when the mayor and the city council decided to "cancel the contract" with a service provider.

---

[1] In support of its motion, the City also relies upon and incorporates herein its initial moving papers in support of dismissal, along with the arguments set forth by the other Defendants.

1

*Newport* 453 U.S. at 251.  Similarly, in *Owen*, the Court found municipal liability under *Monell* where the city council passed a resolution firing the plaintiff without a pre-termination hearing. *See Owen*, 445 U.S. at 622.  Both cases are inapplicable here because both of those cases involve the actions of the city council and not an independent redevelopment agency.

Here, however, Plaintiffs' attempt to attach *Monell* liability to the City as a result of the JCRA's actions must fail because the JCRA is an autonomous agency.  The JCRA is a corporate and politic body organized under the laws of the State of New Jersey, with its own Board and its own attorney.  More importantly, the JCRA has the statutorily-authorized power to enter into contracts with private redevelopers and this action does not require, nor necessitate the approval of the City, nor approval of the mayor.  The JCRA is an "independent administrative agency whose powers stem directly from the Legislature and hence are not subject to abridgment, circumscription, extension or other modification by the governing body." *Township of Dover v. Board of Adjustment of Township of Dover,* 158 N.J. Super. 401, 408 (App. Div. 1978).  Therefore, the City cannot be held liable under *Monell* for the actions of the JCRA.

Next, Plaintiffs claim, without any factual support, that Mayor Fulop had "final, unreviewable authority over the termination of Plaintiff's redevelopment agreement." (Op. Br. 27).  Plaintiffs make this baseless, conclusory allegation knowing that: (1) neither Mayor Fulop, nor the City, were parties to the redevelopment agreement; and (2) the Redevelopment Authority is an autonomous agency, statutorily authorized to contract with redevelopers.  Importantly, in *Candeliere v. U.S.A.*, 816 F. Supp. 94 (D.N.J. 1992), this Court explained that a mayor has neither the statutory nor equitable authority to veto or upset a contract entered between a redevelopment agency and a redeveloper.  Similarly here, there is no statutory or other justification for the Mayor

2

to be considered to have "final, unreviewable authority over the termination of Plaintiff's redevelopment agreement." Therefore, Plaintiffs' contentions are without merit.

Finally, Plaintiffs contend that Mayor Fulop had control over the failure to submit the tax abatement applications for approval under *N.J.S.A*. 40A:20-8. Importantly, Plaintiffs fail to allege that their application met the requirements of *N.J.S.A*. 40A:20-8. Pursuant to the plain language of *N.J.S.A*. 40A:20-8, a mayor or chief executive does not have the obligation to make a recommendation until and unless the application conforms with the requirements of the statute. Undoubtably, Mayor Fulop, acting on behalf of the citizens of Jersey City, has the discretion to decide whether an application is adequate such that it warrants recommendation to the city council. These actions do not trigger a connotational violation.

## II.    THE CITY HAS NOT VIOLATED THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION.

Plaintiffs have failed to sufficiently plead a claim for equal protection. In order to make out an equal protection "class-of-one" claim, Plaintiffs must show that: "(1) the defendant[s] treated [Plaintiffs] differently from others similarly situated, (2) that defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cr. 2006). As Defendants' set forth in their moving papers, Plaintiffs are unable to show that they were intentionally treated differently from others similarly situated. However, assuming arguendo that Plaintiffs were treated differently from others similarly situated, the facts set forth in Plaintiffs' Complaint shows that Defendants would have had several separate but equally important and equally rational reasons for the difference in treatment.

Courts in the Third Circuit have explained, "[i]f there was a rational basis for the action of the decision maker, there is no equal protection class of one violation." *Brace v. Cty. of Luzerne*,


873 F. Supp. 2d 616, 630-31 (M.D. Pa. 2012), aff'd 535 F. App'x 155 (3d Cir. 2013).  District Courts in the Third Circuit have recognized the "perplexing situation" that occurs when, on a motion to dismiss, the district court must determine whether a rational basis existed for the alleged differential treatment.  *See, e.g., Cradle of Liberty Council, Inc. v. City of Phila.,* No. 08–2429, 2008 WL 4399025, at *6–*7 (E.D.Pa. Sept. 25, 2008).  As the court in *Cradle of Liberty* explicated:

> On one hand, the Court is considering a motion to dismiss, meaning that all inferences must be drawn in favor of the non-movant and dismissal is appropriate only if, as discussed above, the Plaintiff has failed to provide factual allegations with the heft to raise the complaint beyond the speculative level. On the other hand, [Defendant] may not be held liable under [Plaintiff's] class-of-one claim unless there is no conceivable rational relationship between the differential treatment and a legitimate governmental interest. Applying the 12(b)(6) standard, every benefit of the doubt goes to [Plaintiff], but applying rational basis review, the Court must grant great deference to [Defendant].

*Id.* (quoting *Wroblewski v. City of Washburn,* 965 F.2d 452, 460 (7th Cir.1992)).

To determine whether a rational basis exists at the motion to dismiss stage, a court may consider the defendant's motion, the plaintiff's complaint, and any other admissible documents. *See e.g., Highway Materials, Inc. v. Whitemarsh Twp.,* 386 F. App'x 251, 259 (3d Cir. 2010); *Prof'l Dog Breeders Advisory Council, Inc. v. Wolff,* 752 F.Supp.2d 575, 588 (E.D.Pa.2010) (dismissing the plaintiff's "class-of-one" claim when the defendant had a rational basis for alleged difference in treatment); *Brace*, 873 F.Supp. at 630-32.

Here, the allegations of Plaintiffs' Complaint fail to indicate that any "difference in treatment" was irrational and arbitrary.  Instead, Plaintiffs' Complaint acknowledges that the City had several reasons to not move forward with the tax abatement, including, but not limited to the fact that: (1) Plaintiffs defaulted on their redevelopment contract with the JCRA by not commencing construction by January 1, 2017; and (2) that the City was shifting its tax abatement

4

policies, as it was entitled to do. As Mayor Fulop explained, the City had not "considered any market rate tax abatements" for over a year, and the City was "phasing out long term tax abatements." Moreover, another potential basis as set forth in Plaintiff's Complaint is that a potential conflict of interest existed with the Plaintiff companies as a result of statements made by a representative during a conference in China with potential investors.

In conclusion, the scrutiny of a tax abatement applicant's operations, especially an operation with the size, scale and complexity of the subject property, can hardly be described as irrational and arbitrary. To the contrary, there is a public interest in ensuring that our public officials scrutinize any attempt to receive a tax abatement. Thus, even though Plaintiffs allege that Defendants acted without a rational basis, because the Court is not required to credit Plaintiff's "legal conclusions," *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997), Plaintiff's "class-of-one" equal protection claim should be dismissed with prejudice.

### III. PLAINTIFFS HAVE FAILED TO ESTABLISH THE ELEMENTS OF A FREE SPEECH RETALIATION CLAIM.

Plaintiffs have failed to make out a claim for retaliation based on the exercise of free speech under the first amendment. Plaintiffs' free speech claim is based solely and exclusively on the political activities of Jared Kushner. Since Jared Kushner is neither a party to this case, nor an employee of Plaintiff companies, in no way can any "speech" undertaken by Jared Kushner be interpreted as speech conducted by Plaintiffs. The only allegation that could possibly be attributed as a speech activity on behalf of Plaintiffs is the claim that "Charles Kushner held an event at his home for the Trump Campaign." (Am. Compl. ¶61.) As previously set forth in the City's moving brief: "[t]his allegation fails to indicate what this individual's title is, what his connection to any of the parties is, and generally when this event occurred. Most importantly, the Amended Complaint is completely silent regarding whether the City was aware of this event." (Cty. Br 7.)

5

As a result of this pleading deficiency, Plaintiffs' attempt to incorporate into their opposition brief new facts not previously pleaded in their Complaints to bolster their claims. Specifically, Plaintiffs submit in their opposition brief: "[a]side from the widely-known close familial and professional relationship between Jared Kushner and the Trump family, numerous media outlets reported that the Kushner family held political fundraising for then-candidate Trump in the 2016 election cycle." (Op. Br. 53.) Any attempt by Plaintiffs to include additional factual allegations in the opposition not pleaded in the Complaint cannot be considered in determining whether Plaintiff has satisfied the pleading standard. See *Frederico v. Home Depot*, 507 F. 3d 188, 201-02 (3d Cir. 2007) (noting that complaints cannot be amended by opposition briefs because "we do not consider after-the-fact allegations in determining the sufficiency of [the] complaint under Rules 9(b) and 12(b)(6)."). Regardless, Plaintiffs' free speech claim still fails as a matter of law because Plaintiffs failed to allege that the City and Mayor Fulop were aware of any fundraising activities.

### IV. PLAINTIFFS HAVE NOT PLEADED AN ACTIONABLE FREEDOM OF ASSOCIATION CLAIM.

Plaintiffs have failed to state a claim for retaliation based on free association protected by the First Amendment. Plaintiffs contend that Defendants' entirely ignore that the "Third Circuit, among others, allow for claims to be asserted for retaliation against third-parties for exercise of free speech where a close relationship exists between the speaker and a third-party." (Op. Br. 60.) In support of this contention, Plaintiffs rely on *Montone v. City of Jersey City*, 709 F.3d 181, 197 (3d Circ. 2013); *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014); *Matus v. Lorain Cnty. Gen. Health Dist.*, 2016 U.S. Dist. LEXIS 5401, at *40 (N.D. Ohio Jan. 15, 2016); and *Thompson v. N.Am. Stainless, LP*, 562 U.S. 170 (2011). Each of these cases are inapposite to the case at bar. As an initial matter, both *Benison* and *Matus* are not controlling Third Circuit cases, and neither

6

of these cases are freedom of association cases. Similarly, Plaintiffs' reliance on *Thompson* is misplaced, as *Thompson* is a Title VII case and does not involve free speech, the first amendment, nor the freedom of association. Finally, *Montone* is easily distinguishable because the holding in *Montone* only applies to political association retaliation claims in the context of public-sector employment. Furthermore, none of these cases even remotely involve a private corporation's right to the freedom of association. Plaintiffs do not cite to any cases to support the proposition that a private corporation has the right to the freedom of association because no such case exists.

Here, Plaintiffs allege that "the well-pleaded facts alleging that Jared Kushner's first-degree family members – who own and manage the Kushner Companies – have been effectively 'fired' by the . . . Notice of Default due to his political activities in the Trump Administration are sufficient to make out claims of retaliation for exercise of First Amendment protected speech and associational rights." (Opp. Br. 62.) Jared Kushner is not the son or brother of, nor is he a relative of, One Journal Square Partners Urban Renewal Company, LLC or One Journal Square Tower North Urban Renewal Company LLC or One Journal Square Tower South Urban Renewal Company LLC. Simply put, a private corporation cannot claim an intimate/familial relationship with an individual. It is for precisely this reasons that Plaintiffs' freedom of association claim must be dismissed with prejudice.

### V. PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM MUST BE DISMISSED WITH PREJUDICE.

Plaintiffs' Amended Complaint does not adequately plead a deprivation of a property right. Although the Third Circuit has found that land ownership is a property interest protected by substantive due process, *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000), not all property interests are protected. The claim of substantive due process only exists if the plaintiff is deprived of a "particular quality of property interest." *DeBlasio v. Zoning Board of Adjustment*,

7

53 F.3d 592 (3rd Cir. 1995). The Plaintiffs' improperly attempt to expand the scope of substantive due process protection, something the Supreme Court has cautioned against. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Plaintiffs' assertion that "the Third Circuit has found as a matter of law that planned development in connection with 'real property ownership' is a fundamental interest protected by substantive due process" is incorrect. (Op. Br. 29.) *Nicholas* merely held that "land ownership" is protected by the 14th Amendment. The type of property rights protected under the substantive due process clause are not clearly defined by this Circuit. Plaintiffs argue that they have protectable property interests because they have "rights in the real property," because they have "development rights," and because they have allegedly lost $55 million in investing in the project. (Op. Br. 29.) However, Plaintiffs fail to cite any case that establishes that the right to develop property, loss of money, or mere ownership are fundamental property interests subject to substantive due process protection.

On the contrary, as the Third Circuit has stated, "we are not aware of any case in which we have found that something *other than full property ownership* warrants substantive due process protection." *Selig v. N. Whitehall Twp. Zoning Hearing Bd.*, 653 Fed. Appx. 155, 157 (3d Cir. 2016) (citations omitted) (emphasis added). Here, as set forth in the City's moving brief, Plaintiffs do not have full ownership. Plaintiffs never had an unconditional interest in the subject property or in the development. Their "ownership" and "development rights" are conditional. The property was conveyed to them so that, pursuant to the relevant agreements, they would develop the Project premises for the benefit of the City. Plaintiffs' failure to abide by the terms of the Agreements results in the loss of their interest in the Project and the Property. In order to sustain a substantive due process claim against the Defendants, Plaintiffs must have been deprived of a fundamental

8

property interest and if the right is not fundamental, there is no substantive due process issue and the state conduct will be upheld so long as the state complies with procedural due process. *See Connection Training Servs. v. City of Philadelphia*, 358 Fed. Appx. 315, 319 (3d Cir. 2009) citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d Cir.2000). Here, Plaintiffs have failed to establish a recognized property interest.

Furthermore, Plaintiffs' lack of a protected property interest is demonstrated by the fact that the JCRA has substantial discretion in granting and allowing the Plaintiffs' to keep the benefits of owning and redeveloping the Project premises. The Third Circuit has held that there can be no protected property interest when a party has discretion to grant or deny a given benefit. "Any significant discretion conferred upon the local agency defeats the claim of a property interest." *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 606 (3d Cir. 1995), abrogated by *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003) (citations omitted).

Even if Plaintiffs had a protected property interest, dismissal is still appropriate in this case because Plaintiffs have failed to demonstrate that Defendants alleged deprivation "shocks the conscience." In making this determination, courts must "avoid converting federal courts into super zoning tribunals." *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004).

The Third Circuit has denied substantive due process claims in instances where official conduct was much more egregious than the alleged conduct in this case. *See Eichenlaub*, 385 F.3d at 286. In fact, "[i]n land use cases, courts have generally been unwilling to find that officials have engaged in conscience shocking behavior absent truly egregious conduct, such as racial discrimination." *Bohmier v. Arrell*, CV 07-3962, 2018 WL 3818880, at *6 (E.D. Pa. Aug. 10, 2018) citing *Potter v. City of Chester*, No. 12-2058, 2012 WL 5464970, at *5 (E.D. Pa. Nov. 9,

9

2012). The complaints in this case, are of the sort frequently at issue in zoning and land use disputes. Here, even accepting the Plaintiffs' claims as true, the allegations do not "shock the conscience," and at most amount to a bad-faith violation of state law, not a constitutional violation. *See Damascus Bakery, Inc. v. Elwell*, CIV. 08-1568 WJM, 2010 WL 3359526, at *6 (D.N.J. Aug. 25, 2010). As the Court in *Spradlin v. Borough of Danville*, 4:CV 02 2237, 2005 WL 3320788, at *8 (M.D. Pa. Dec. 7, 2005), aff'd, 188 Fed. Appx. 149 (3d Cir. 2006) held, "The latest jurisprudence of the Third Circuit ... evinces a preference for evidence of self dealing or other unjust enrichment of the municipal decision makers as a way to meet the shocks the conscience standard." *(citations omitted)*. Plaintiffs arguments of corruption and self-dealing are tenuous at best and do not rise to the level required by our case law, and should be ignored by this Court.

### VI.  PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM MUST BE DISMISSED WITH PREJUDICE.

Plaintiffs do not have a protected property interest for purposes of procedural due process. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Here, Plaintiffs do not have a legitimate claim of entitlement to any benefits.

*Sterling v. Redevelopment Auth. of City of Philadelphia*, 836 F. Supp. 2d 251 (E.D. Pa. 2011), aff'd, 511 Fed. Appx. 225 (3d Cir. 2013)[2], a case with very similar facts to the case at bar, is instructive. In *Sterling*, like the case at Bar, the District Court found that the plaintiff did not

---

[2] Although the District Court in Sterling found that the plaintiffs "arguably" set forth a property interest under the substantive due process, here, the Court should find no substantive due process violation for the reasons set forth above and the City's original moving brief.

have an unconditional interest in the property. The district court in *Sterling* held that: "rather than holding a fee simple in the property, Sterling held a fee simple subject to a condition subsequent. Accordingly, Sterling could have no reasonable expectation of any interest in the property once he failed to develop it within the time period specified in the Redevelopment Agreement, or otherwise defaulted under the agreement, because the RDA could exercise its right of re-entry." *Id* at. 263.

The Third Circuit affirmed the District Court's holding and held that, "we agree with the District Court that the claim fails because Sterling's interest in the N. American Street premises was not unconditional and because Sterling was afforded notice of his default and the consequences of failing to remedy his default." *Sterling v. Redevelopment Auth. of City of Philadelphia*, 511 Fed. Appx. 225, 228 (3d Cir. 2013). Accordingly, Plaintiffs' procedural due process claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant, the City of Jersey City, respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice for failure to state a claim upon which relief can be granted and for lack of standing.

        **LITE DEPALMA GREENBERG, LLC**

        s/ *Victor A. Afanador*
        Victor A. Afanador, Esq.
        Jonathan M. Carrillo, Esq.
        Francis A. Kenny, Esq.
        570 Broad Street, Suite 1201
        Newark, New Jersey 07102
        Tel: (973) 623-3000
        vafanador@litedepalma.com
        jcarrillo@litedepalma.com
        fkenny@litedepalma.com

        *Attorneys for Defendant, City of Jersey City*

## CERTIFICATION OF SERVICE

I, Victor A. Afanador, hereby certify under penalty of perjury that, on this day, I served a copy of the Defendant, City of Jersey City's Reply Brief to Plaintiffs' Opposition to the Motion to Dismiss on all counsel of record by ECF.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*s/ Victor A. Afanador*
Victor A. Afanador, Esq.

Dated: December 10, 2018